IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WALSH FEDERAL/ALBERICI JV, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CV-20-1074-R |
| | ) |
| DESERT STREAMS CONSTRUCTION, INC. | ) |
| | ) |
| Defendant. | ) |

# ORDER

Before the Court is Plaintiff Walsh Federal/Alberici JV's ("Plaintiff") Motion for Clerk's Entry of Default Judgment. Doc. No. 17. On February 17, 2021, the Court entered an Order granting Plaintiff's Second Motion for Extension of Time, Doc. No. 15, giving Plaintiff until March 22, 2021 "to file a Motion seeking a Clerk's Entry of Default…". Doc. No. 16. On March 22, 2021, Plaintiff filed this Motion for Clerk's Entry of Default *Judgment*. Doc. No. 17 (emphasis added). Plaintiff's Motion is DENIED for the reasons set forth below.

The Tenth Circuit has explained that to move for default judgment, "Rule 55 mandates a two-step process." *Williams v. Smithson,* 57 F.3d 1081, at *1 (10th Cir. 1995) (unpublished decision). In *Williams,* the court described this process when it stated that

> [f]irst, the party wishing to obtain a default judgment must apprise the court that the opposing party has failed to plead or otherwise defend by requesting "by affidavit or otherwise" that the clerk enter default on the docket. Second, following an entry of default by the clerk, "the party entitled to a judgment by default shall apply to the court therefor."

*Id.* (internal citations omitted).

Here, Plaintiff moved the Court for default *judgment* rather than for the Clerk's entry of default. Doc. No. 17. While under Fed. R. Civ. P. 55, a party is in *default* if it fails to appear or otherwise defend, the Court considers multiple factors before entering default *judgment. See Bixler v. Foster,* 596 F.3d 751, 762 (10th Cir. 2010) (considering whether the "unchallenged facts constitute a legitimate cause of action"); *see also Payne v. Wilder*, No. CV 16-0312 JB/GJF, 2017 WL 3025912, at *4 (D.N.M. July 7, 2017) (explaining that while an entry of default is an interlocutory step, a default judgment is a "final disposition of the case") (citing *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 749-50 (10th Cir. 2009) ("In deciding whether to set aside an entry of default, courts may consider, among other things, 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'"). Thus, Plaintiff's Motion for Default Judgment is premature because the Plaintiff has not sought the Clerk's entry of default. Accordingly, Plaintiff's Motion, Doc. No. 17, is DENIED.

Plaintiff is hereby ORDERED to file a Motion for Clerk's Entry of *Default*, complying with Rule 55(a), within fourteen days of the date of this Order.

**IT IS SO ORDERED** on this 22nd day of March 2021.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE